IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| **CARLOS HECTOR RUELAS** | ) | |
| | ) | |
| v. | ) | Case No. 1:05cr442 |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |

### ORDER

The matter is before the Court on petitioner Carlos Hector Ruelas's *pro se* motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Both petitioner and the government have fully briefed the issues raised in petitioner's motion and the matter is now ripe for disposition. Oral argument is dispensed with because the facts and legal contentions are adequately set forth in the existing record and oral argument would not aid the decisional process.[1]

On November 23, 2005, petitioner was charged with conspiracy to possess with intent to distribute a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Two). On February 6, 2006, petitioner pled guilty to Count One, charging him with conspiracy to possess with intent to distribute a mixture and substance containing cocaine, a schedule II controlled substance. Thereafter, on May 9, 2006,

---

[1] *See United States v. Yearwood*, 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief"); *Schriro v. Landrigan,* 127 S. Ct. 1933, 1940 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

petitioner was sentenced to a 120-month term of incarceration to be followed by a five-year term of supervised release. Significantly, at the close of petitioner's sentencing hearing, petitioner noted an oral appeal on the record. Thereafter, however, petitioner's appeal was not pursued. According to petitioner's counsel, petitioner later "decided not to appeal." Brosnan Aff. 1.

Then, on May 7, 2007, petitioner mailed and had filed the instant *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. In this motion, petitioner raises four claims: (i) that he was only a minor participant in the conspiracy and therefore should have received a reduction in his sentence pursuant to U.S.S.G. 3B1.2; (ii) that the Court breached the plea agreement by failing to impose the sentence petitioner expected; (iii) that defense counsel rendered ineffective assistance because the sentence imposed exceeded petitioner's expectations; and (iv) that defense counsel rendered ineffective assistance because counsel failed to file an appeal on petitioner's behalf.

Turning first to petitioner's final claim, it is well-settled that the "failure to file a *requested* appeal is *per se* ineffective assistance of counsel, irrespective of the possibility of success on the merits." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995). And, importantly, the Fourth Circuit has held that "an attorney is required to file a notice of appeal when unequivocally instructed to do so by his client, even if doing so would be contrary to the plea agreement and harmful to the client's interests." *See United States v. Poindexter*, 2007 U.S. App. LEXIS 15360, at *25-26 (4th Cir. June 28, 2007) (published).

In this case, the record reveals that petitioner unequivocally expressed his intent to file an appeal by orally noticing his appeal at sentencing. While petitioner's counsel has submitted a sworn affidavit stating that petitioner subsequently "decided not to appeal," this is insufficient to

surmount petitioner's unequivocal and explicit statement to this Court that he desired to appeal his sentence.[2]  Accordingly, because petitioner's counsel failed to adhere to petitioner's request that he file an appeal, petitioner must "be allowed a direct appeal."  *Id.* at *26.

As such, the appropriate remedy is "to vacate [petitioner's] judgment of conviction and enter a new judgment from which an appeal can be taken."  *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993).  It is worth noting that if a notice of appeal is ultimately filed, counsel must, *inter alia*, review the trial record, identifying and weighing potential issues for appeal.  *Poindexter*, 2007 U.S. App. LEXIS 15360.  Upon review of these materials, if counsel concludes there is a meritorious issue for appeal, he is ethically required to prepare a brief on the merits and argue the appeal.  *Id.*  If, on the other hand, a review of these materials reveals only frivolous issues, the attorney may file a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967).  *Id.*

Accordingly, for the foregoing reasons, and for good cause,

It is hereby **ORDERED** that petitioner's *pro se* motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART** and **DENIED IN PART**.  It is **GRANTED** insofar as petitioner has asserted a valid claim for ineffective assistance of counsel based on his counsel's failure to file an appeal upon petitioner's request that he do so.  It is **DENIED** in all other respects, as petitioner will now have an opportunity to raise these claims on direct appeal.

It is further **ORDERED** that petitioner Carlos Hector Ruelas's judgment of conviction in

---

[2]It is worth noting that this conclusion is not intended to reflect in any way on the competency or services of appointed counsel, nor is it intended to impugn counsel's veracity or the truthfulness of his affidavit.

this matter is **VACATED**.

It is further **ORDERED** that a new judgment of conviction is **ENTERED** as to petitioner Carlos Hector Ruelas, in accordance with all of the same terms and conditions imposed in his original, now vacated sentence.  Accordingly, if petitioner desire to appeal his sentence, he must file a notice of appeal within 10 days after the entry of this judgment, pursuant to Rule 4(b)(1), Fed. R. App. P.

It is further **ORDERED** that the Clerk is **DIRECTED** to appoint new counsel to represent petitioner on appeal.

Should petitioner wish to appeal <u>this</u> Order, he must do so within sixty (60) days, pursuant to Rules 3 and 4(a), Fed. R. App. P.

The Clerk is directed to send a copy of this Order to petitioner and to all counsel of record.

\_\_\_/s/_____

Alexandria, Virginia  
August 2, 2007

T. S. Ellis, III  
United States District Judge